UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KERRY JOSEPH DUGAS | Civil Action No. 6:20-0283 |
| versus | Judge Michael J Juneau |
| TOWN OF SUNSET, ET AL. | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. 6] filed by the defendants the Town of Sunset, Chief Luis Padilla, Officer Nahia Simon, and Officer Harvey Day, to the extent the plaintiff alleges claims against them in their official capacities. The motion is opposed by the plaintiff Kerry Dugas [Doc. 8], and the defendants filed a Reply brief [Doc. 11]. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED IN PART AND DENIED IN PART, as explained hereinbelow.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises out of an incident that occurred on April 12, 2019, in which the plaintiff alleges that he was falsely arrested and subjected to an unlawful search. He alleges claims against the defendants arising under 42 USC §1983, §1988, the Fourth and Fourteenth Amendments to the United States Constitution, as

1

well as under the laws and constitution of the State of Louisiana. The plaintiff also seeks punitive damages against the defendant but appears to acknowledge in his opposition to the motion to dismiss that he may only seek punitive damages in connection with claims alleged against Officers Simon and Day, to the extent they have been sued in their individual capacities. The plaintiff acknowledges that he cannot recover punitive damages from the Town of Sunset, or any defendant sued in his official capacity. Chief Padilla has been sued in his official capacity.

## II. LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

### B. Analysis

In his Complaint the plaintiff seeks punitive damages against all defendants, but in his response to the motion to dismiss, he acknowledges that he cannot recover punitive damages from the Town of Sunset, or any defendant sued in his official capacity. Chief Padilla has been sued in his official capacity, while Officers Simon and Day have been sued in their individual capacities only.

#### 1. The Town of Sunset

The United States Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City*

*of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). "It is well settled that municipalities are not subject to the imposition of punitive damages under Section 1983." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119, 120 (2003). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." Accordingly, this Court finds that the plaintiff fails to state a claim for punitive damages against the Town of Sunset.

### 2. Chief Padilla, Officer Simon, and Officer Day

The United States Supreme Court has recognized that punitive damages may be recoverable against municipal employees who are sued in their individual capacities under Section 1983. *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Chief Padilla has been sued in his official capacity, while Officers Simon and Day have been sued in their individual capacities. Therefore, the undersigned recommends that the plaintiff's claims for punitive damages under Section 1983 against Officers Simon and Day should not be dismissed at this juncture, as it would be premature to do so. However, because the plaintiff cannot recover punitive damages against Chief Padilla, as he has been sued in his official capacity, the

plaintiff's claim for punitive damages against Chief Padilla should be dismissed, as such damages are not recoverable.

### 3. Claims under Louisiana law

Finally, it is well settled under Louisiana law that punitive damages are not recoverable in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). The plaintiffs have failed to identify any Louisiana statutory provision that allows the recovery of punitive damages for the state-law claims asserted against defendants in this lawsuit. Accordingly, the motion should be granted with regard to plaintiffs' claims for state-law punitive damages against all defendants.

### III. CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. 6] be GRANTED IN PART AND DENIED IN PART, as explained hereinbelow. IT IS RECOMMENDED that defendants' motion to dismiss the plaintiff's claim for punitive damages against the Town of Sunset be GRANTED, and that this claim be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss the plaintiff'a claim for punitive damages against Officers Simon and Day in their individual capacities be DENIED.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss the plaintiff's claim for punitive damages against Chief Padilla in his official capacity be GRANTED.

IT IS FURTHER RECOMMENDED that the defendants' motion to dismiss the plaintiff's state law claim for punitive damages be GRANTED as to all defendants, and these claims should be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 22nd day of June, 2020 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE